UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GUY THOMAS,

    Plaintiff,

  v.

ALBERTO GONZALES, United States
    Attorney General

    Defendant.

Civil Action No. 04-1061
PLF/DAR

## REPORT AND RECOMMENDATION

Plaintiff is employed by the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). In this action, Plaintiff seeks judicial review of his non-selection in February, 2002, for promotion to a GS-15 Assistant Special Agent in charge (ASAC) position in the New Orleans Field Division.[1] Specifically, Plaintiff alleges that the non-selection constituted unlawful discrimination against him on account of his race (African American) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Count I); unlawful discrimination based upon his having sought and received treatment for alcoholism and depression through an Employee Assistance Program, and an unlawful violation of his employment rights under the Americans With Disabilities Act (Count II); and unlawful retaliation for his prior protected Equal Employment Opportunity activity (Count III).

Defendant's Motion for Summary Judgment (Document No. 19) is pending for consideration by the undersigned. Specifically, Defendant maintains that the ATF had legitimate,

---

[1] Plaintiff was subsequently promoted to an ASAC position in the St. Paul Field Division, effective December 1, 2002. Complaint (Document No. 1), ¶ 36.

Thomas v. Gonzales                                                                                                                                2

nondiscriminatory reasons for the challenged selection decision; that Plaintiff cannot establish a *prima facie* case of disability discrimination; and that Plaintiff cannot establish a *prima facie* case of retaliation. Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Defendant's Memorandum") at 4-17.

Plaintiff, in his opposition, maintains that the selection process "was seriously flawed, with evidence of significant Agency manipulation . . . resulting in the outcome of a preselected White candidate . . . ." Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Opposition") (Document No. 24) at 2. Plaintiff submits that "the record is replete with examples of genuine issues of material fact, particularly with respect to the substantive qualifications of the successful candidate . . . . " *Id.* at 17. Plaintiff submits that he has established a *prima facie* case of both unlawful discrimination and retaliation; however, Plaintiff concedes "that his ADA claim is particularly weak in the circumstances of this case." *Id.* at 18.

Defendant, in his reply, maintains that there are no genuine issues as to any material facts, and that Plaintiff relies upon "speculation and innuendo" to show otherwise. Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Defendant's Reply") (Document No. 29) at 1.

Upon consideration of Defendant's Motion for Summary Judgment, the memoranda in support thereof and in opposition thereto and the entire record herein, the undersigned recommends that Defendant's motion be denied except with respect to Plaintiff's Americans With Disabilities Act claim.

Thomas v. Gonzales                                                                                                    3

**BACKGROUND**[2]

Plaintiff has been employed by ATF in various capacities since 1988. Complaint, ¶ 12; Amended Answer (Document No. 7), ¶ 12. During the 1990's Plaintiff was a member of a class action in which discrimination against African American ATF agents was alleged, and ultimately received relief through the settlement of the action. Complaint, ¶ 14; Amended Answer, ¶ 14.

Plaintiff states that during the course of his employment, he sought and received medical treatment "based upon a temporary period of impaired ability, related to the medical conditions of alcoholism and depression." In March, 1998, he "requested to voluntarily step down from his GS-14 supervisory position to a non-supervisory position. Plaintiff assumed another supervisory position in February, 2000, and was promoted to yet another supervisory position in July, 2000. Complaint, ¶¶ 16-17, 20, 22.

In October, 2001, Plaintiff applied for one of two GS-15 positions of Assistant Special Agent in Charge ("ASAC") in the New Orleans Field Division. One of the two vacancies was filled by a white male ATF Special Agent by a lateral reassignment. Complaint, ¶¶ 25, 27; Amended Answer, ¶¶ 25, 27. Of the applicants who made the agency's Best Qualified List for the remaining position, Plaintiff has the highest Ranking Schedule score (256), and Robert Browning, eventual selectee, a white male, had the lowest Ranking Schedule score (214). Complaint, ¶ 29; Amended Answer, ¶ 29.

The ATF Merit Promotion Board received the Best Qualified List, and conducted telephonic interviews of the applicants. Plaintiff alleges that "the subject of his temporary period

---

[2] The undersigned has confined the discussion of the relevant background of the facts which are undisputed, unless otherwise noted.

Thomas v. Gonzales                                                                                                               4

of impairment . . . had been raised and discussed by Merit Promotion Board members." Complaint, ¶¶ 30, 32; Amended Answer, ¶ 30.  Plaintiff also alleges that his participation in the 1990's class action litigation was considered during the Board's deliberations.  Complaint, ¶ 33. In February, 2002, the selection of Browning for promotion to the New Orleans ASAC position was announced.  Complaint, ¶ 34; Amended Answer, ¶ 34.

In March, 2002, Plaintiff contacted an EEO counselor regarding his non-selection. Complaint, ¶ 5; Amended Answer, ¶ 5.  Plaintiff timely filed this action after he terminated the then-pending EEOC proceeding.  Complaint, ¶ 11; Amended Answer, ¶ 11.

**CONTENTIONS OF THE PARTIES**

*Discrimination Based on Race; Retaliation*

Defendant concedes that Plaintiff has made a *prima facie* case of discrimination based on race, but maintains that it had legitimate, non-discriminatory reasons for its selection decision. Defendant's Memorandum at 6-8.  More specifically, Defendant asserts that Browning's "interview performance" was "better then [sic] any other candidate," and that Browning "had distinguishing experience as a Public Information Officer, and that he had more GS-14 field supervisory experience than any other candidate."  *Id; see also id.* at 7-8.  Defendant maintains that Plaintiff "[ cannot] provide sufficient evidence such that a jury could find [ATF's] 'proffered reason was a pretex for discrimination.'"  *Id.* at 8 (citing *Paguin v. Fannie Mae*, 119 F.3d 23, 27-28 (D.C. Cir. 1998)).

Defendant submits that Plaintiff cannot establish a *prima facie* of retaliation because "[i]n this instance, the time lapse between Plaintiff's 1996 protected activity and the 2002 selection

Thomas v. Gonzales                                                                                                        5

determination is insufficient as a matter of law to establish a causal connection between the protected activity and the retaliatory action." Defendant's Memorandum at 16; *see also id.* at 15, 17.

Plaintiff, in his opposition, submits that Browning was "pre-selected" for the New Orleans ASAC position, and that the reasons offered by Defendant for the selection of Browning are but a pretext. Plaintiff's Opposition at 2, 17. More specifically, Plaintiff maintains, *inter alia*, that Browning, pursuant to at least one ATF standard, did not meet the applicable "cut-off score." *Id.* at 6-7, 18; Amended Answer, ¶ 29. Plaintiff submits that in addition, "the factual comparison of the qualifications [of Plaintiff and Browning, the selectee] . . . clearly show the demonstrative superiority of Plaintiff Thomas over selectee Browning regarding the full range of relevant professional and personal qualifications." *Id.* at 12. Finally, Plaintiff points to evidence in the record which, he submits, serves to expose the discriminatory and retaliatory objectives of the Merit Promotion Board. *Id.* at 13-17.

Defendant, in its reply, argues that Plaintiff relies on "speculation and innuendo" to support his contention that material facts are in dispute. Defendant's Reply at 1. Defendant submits that "the record irrefutably demonstrates that the Merit Promotion Board . . . made its selection determination based on lawful, legitimate reasons[.]" *Id.* at 1; *see also Id.* at 5-12.

*"Americans With [Disabilities] Act" Claim*

Defendant submits that Plaintiff's "short-term impairment" does not constitute a "disability" for purposes of an action under the Rehabilitation Act, and that Plaintiff cannot establish a *prima facie* case of discrimination under the Rehabilitation Act for failure to

accommodate.  Defendant's Memorandum at 13-15.

Plaintiff acknowledges that he does not contend that he will be permanently "disabled" as a result of the conditions which occasioned treatment over ten years ago, and that "it is not lost on [him] that his [Americans With Disabilities Act] claim is particularly weak in the circumstances of this case."  Plaintiff's Opposition at 18.  Plaintiff states "that the raising by the Merit Promotion Board of his previous experience of stepping down from a supervisory position because of his alcoholism and depression" is evidence of pretext.  *Id.* at 19.

**STANDARD OF REVIEW**

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c)*; Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Diamond v. Atwood* 43 F.3d 1538, 1540 (D.C. Cir. 1995).  The burden is upon the non-moving party to demonstrate that there are material facts in dispute.  *Chelates*, 477 U.S. at 324.  There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Material facts are in dispute if they are capable of affecting the outcome of the suit under governing law.  *Id.*  In considering a motion for summary judgment, all evidence and inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor."  *Anderson*, 477 U.S. at 248; *see also Bayer v. United States Dept. of Treasury*,

Thomas v. Gonzales                                                                                                                        7

956 F.2d 330, 333 (D.C. Cir. 1992).  Moreover, the court "must . . . eschew making credibility determinations or weighing the evidence." *Czekalski v. Peters,* 475 F.3d 360, 363 (D.C. Cir. 2007) (citing *Reeves v. Sanderson Plumbing Prods.,* 530 U.S. 133, 150 (2000); *Aka v. Washington Hosp. Ctr.,* 156 F.3d 1284, 1288 (D.C. Cir. 1998) (*en banc*).

      This circuit has held that because proof of discrimination may be difficult for a plaintiff to establish, "the court should view summary judgment in such cases with special caution." *Childers v. Slater,* 44 F. Supp. 2d 8, 15 (D.D.C. 1999) (citing *Aka v. Washington Hosp. Ctr.* 116 F. 3d at 879; *see also Johnson v. Digital Equip. Corp.,* 836 F. Supp. 14, 18 (D.D.C. 1993). Nevertheless, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 474 U.S. at 586.  Rather, he must come forward with "specific facts showing that there is a genuine issue for trial."  *Id.* at 587; FED. R. CIV. P. 56(e).

      Moreover, Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED. R. CIV. P. 56(e).  The nonmoving party must therefore

> go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial" . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of

Thomas v. Gonzales                                                                                                         8

> evidentiary materials listed in Rule 56(e), except the mere pleadings themselves, and it is from this list that one would normally expect the nonmoving party to make the showing[.]

*Celotex*, 477 U.S. at 324 (emphasis added).

In addition, Local Civil Rule 7(h) provides:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. <u>An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated,</u> which shall include references to the parts of the record relied on to support the statement . . . <u>In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion</u>.

LcvR 7(h) (emphasis supplied); *see also* LcvR 56.1. The District of Columbia Circuit has held that "[i]f the party opposing the motion fails to comply with this local rule, then 'the district court is under no obligation to sift through the record' and should '[I]nstead . . . deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's Rule [LcvR 7(h)] statement.'" *Securities and Exch. Comm'n v. Banner Fund Int'l*, 211 F. 3d 602, 616 (D.C. Cir. 2000) (citation omitted). The District of Columbia Circuit "[has] explained . . . that the 'procedure contemplated by the [local] rule . . . isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record." *Burke v. Gould*, 286 F. 3d 513, 517 (D.D.C. 2002) (quoting *Gardels v. Cent.*

*Intelligence Agency,* 637 F. 2d 770, 773 (D.C.Cir. 1980)). This circuit has affirmed the grant of summary judgment where the nonmoving party failed to cite any evidence in the record, and in the statement of genuine factual issues, "did not set forth specific, material facts, but simply asserted, without citing evidence in the record, that there was a disputed issue[.]" *Burke,* 286 F. 3d at 518 (quoting *Tarpley v. Greene*, 684 F. 2d 1, 7 (D.C. Cir. 1982)).

Finally, Rule 56(f) of the Federal Rules of Civil Procedure provides that

> [s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit fact essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

FED. R. CIV. P. 56(f).

**STATUTORY FRAMEWORK**[3]

In *Texas Dep't of Community of Affairs v. Burdine*, 450 U.S. 248 (1981, the Court, citing *McDonnell Douglas Corp. v. Greene,* 411 U.S. 792 (1973), sets forth the basic allocation of burdens and order of presentation of proof in a Title VII case alleging discriminatory treatment. First, the Plaintiff has the burden of proving by the preponderance of the evidence a *prima facie* case of discrimination. Second, if the Plaintiff succeeds in proving the *prima facie* case, the burden shifts to the Defendant "to articulate some legitimate, nondiscriminatory reason for the

---

[3] Plaintiff effectively concedes that his American With Disabilities Act claim is not viable. *See* Plaintiff's Memorandum at 18. For that reason, the undersigned includes herein no discussion of that statute, and recommends that Defendant's motion for summary judgment be granted with respect to Count II of the Complaint, in which disability discrimination is alleged. The court can determine, in advance of any trial, whether Plaintiff's evidence with respect to the Board's consideration of his temporary impairment may be received as evidence of pretext in the context of his race discrimination and retaliation claims.

Thomas v. Gonzales                                                                                                                  10

employee's rejection." *Burdine,* 450 U.S. at 253; *McDonnell Douglas,* 411 U.S. at 804. Third, should the Defendant carry this burden, the Plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the Defendant were not its true reasons, but were a pretext for discrimination. *Burdine,* 450 U.S. at 254; *McDonnell Douglas,* 411 U.S. at 804. To avoid summary judgment, "the plaintiff must show that a reasonable jury could conclude from all of the evidence that the adverse employment decision was made for a discriminatory reason." *Czekalski v. Peters,* 475 F. 3d at 363 (quoting *Lathram v. Snow,* 366 F. 3d 1085, 1088 (D.C. Cir. 2003)). Claims of retaliation are also governed by the *McDonnell Douglas* burden-shifting paradigm. *Cones v. Shalala,* 199 F.3d 512, 520 (D.C. Cir. 2000).

**DISCUSSION**

The undersigned finds, upon consideration of the record herein, that Plaintiff has identified evidence in the record which demonstrates that there are genuine issues for trial with respect to his claims of race discrimination and retaliation. Accordingly, the undersigned will recommend that Defendant's motion for summary judgment be denied with respect to Count I (unlawful discrimination based on race) and Count III (retaliation) of Plaintiff's Complaint.[4] Plaintiff, in his opposition to Defendant's motion for summary judgment, relies principally upon (1) the disparities in his qualifications and those of the selectee, and (2) the Board's departures from the Defendant's selection procedures. *See* Plaintiff's Opposition at 18. The evidence which Plaintiff identifies includes not only his sworn declaration–which Defendant suggests

---

[4] *See* n. 3, *supra.*

Thomas v. Gonzales                                                                                                          11

should be discounted as "speculation and innuendo"–but also Defendant's own records of the evaluation and selection process.  Plaintiff's Statement of Material Facts in Dispute, ¶¶ 2-7.  Likewise, Plaintiff points to Defendant's records to identify evidence of a genuine issue with respect to the Board's departure from Defendant's established procedures.  *Id.,* ¶¶ 8-13.

      Defendant maintains that "the record irrefutably demonstrates" that the challenged selection was "based on lawful, legitimate reasons[.]" Defendant's Reply at 1.  However, a court could make such a determination only by weighing the evidence and making credibility determinations.  Both are tasks which a court cannot undertake as part of consideration of a motion for summary judgment.  *Czekalski,* 475 F.3d at 363.  Indeed, by urging this court to make such a finding, Defendant entirely misstates the burden-shifting paradigm which governs consideration of claims of discrimination: to avoid summary judgment, a plaintiff must show only "that a reasonable jury could conclude from all of the evidence that the adverse employment decision was made for a discriminatory reason." *Id.*  The District of Columbia, within the past month, reaffirmed the proposition that an attack on the employer's proffered explanation for its actions "[is] one way for a plaintiff to show that an adverse employment decision was made for a discriminatory reason[.]" *Id.* at 366.

      The undersigned's findings with respect to Plaintiff's retaliation claim are virtually identical.  Plaintiff relies, in part, upon Defendant's own records to identify genuine issues with respect to his claim of retaliation.  Plaintiff's Statement of Material Facts in Dispute, ¶ 12.  The same authorities discussed in the preceding paragraph compel the conclusion here that a jury, and not the court at the summary judgment stage, must weigh the evidence and evaluate the credibility of the witnesses with respect to the Board members' knowledge of Plaintiff's

Thomas v. Gonzales                                                                                                                    12

protected activities, and what inference, if any might be drawn. The District of Columbia Circuit has cautioned that "[a]t the prima facie stages of a retaliation claim, a plaintiff's burden 'is not great; he merely needs to establish facts adequate to permit an inference of retaliatory motive.'" *Holcomb v. Powell,* 433 F. 3d 889, 903 (D.C.Cir. 2006) (citation omitted). The Circuit has held that a plaintiff's "repeated[]" participation in protected activity may be sufficient to establish a *prima facie* case. *Id.* In the instant action, Plaintiff alleges - - and Defendant does not dispute - - that his protected activity continued well beyond the filing of a complaint in 1990. Complaint, ¶¶ 14-15; Plaintiff's Statement of Material Facts in Dispute, ¶ 12; Declaration of Michael A. Golson, Sr. (Document 24-4), ¶ 3.

**CONCLUSION**

For the foregoing reasons, it is, this 23rd day of March, 2007,

**RECOMMENDED** that Defendant's Motion for Summary Judgment (Document No. 19) be **GRANTED** with respect to Count II (discrimination based on disability) of Plaintiff's Complaint;[5] and it is

**FURTHER RECOMMENDED** that Defendant's Motion for Summary Judgment be **DENIED** with respect to Count I (race discrimination) and Count III (retaliation) of Plaintiff's Complaint.

March 23, 2007                                                                                          /s/
                                                                                      DEBORAH A. ROBINSON
                                                                                      United States Magistrate Judge

---

[5] *See* n. 3, *supra.*

Thomas v. Gonzales                                                                                                    13

**Within ten days, either party may file written objections to this report and recommendation.  The objections shall specifically identify the portions of the report and recommendation to which objection is made, as well as the basis of each such objection.  In the absence of timely objections, further review of issues addressed herein may be waived.**